Good morning and may it please the court. My name is Rene Valladares and I represent Mr. Hernandez-Castro. I'd like to reserve a couple of minutes for my rebuttal. In this case, my request is a modest request. I'm asking that the court remand this case so the district court take allowance, take account of the fact that the guidelines are now advisory in this computation of 3553F, the safety valve provision. It's important to start by saying what I'm not arguing or what I'm not asking. The government places a great deal of emphasis and in fact its argument gravitates around Barrero, the Second Circuit case and the cases from other jurisdictions that follow Barrero. In that case, essentially Barrero ended up that they construed the defendant's request as a request to excise 3553F from the statute and it felt that that was not necessary because there was no apprendee problem in this case, in the case of 3553F, I should say. I am not arguing that this court should excise 3553F. I am not arguing that there is an apprentice problem with 3553F. In fact, I'm not even arguing that the Booker Merit's opinion applies to 3553F. My argument instead is that Booker does have an impact on the way that now the safety valve provision must be applied and construed and there is the reason it's simple is because now we operate obviously under a system, sentencing guideline system that is advisory and 3553F1, the provision that we are concerned with here, makes specific reference to the sentencing guideline system. Now, my argument is under the remedial portion of Booker that that reference in the statute to the sentencing guidelines must be read as being advisory. That's the only way that it can be read. The remedial, so once a court, a court must certainly correctly compute the guidelines that an individual is facing, but once that takes place, the court certainly under an advisory system has the discretion to go ahead and adjust the sentence, certainly has the discretion to go ahead and adjust the individual's criminal history. That is not the case with the Valencia-Andrade case, the case from this circuit that was decided 11 years ago, which said that then that a departure would not come into play in moving an individual from, for instance, two criminal history points to one and then saying that the individual did qualify for a, for the safety valve. Now, obviously, the landscape that we are facing with, as far as sentencing, is entirely different than it was the case in Valencia-Andrade. Now, we have an advisory system, and the Booker remedial opinion made it clear that we don't have a situation where sentences that are in jeopardy of going up because of the application of enhancements or adjustments that, in that case, the guidelines are advisory. But in the case of sentencing that could come down, the guidelines are mandatory in that kind of situation. Let me just ask you, your client would normally have a statutory minimum sentence, correct? Yes. Okay. So he would have that sentence. And the only way that he would not have that sentence is if somehow he can get some relief under Section F, correct? That's right. Or 5K, but that was not involved in this case. Right. And if the district court is reading 5, Section F, and it were to read your principle into Section F, which is basically the Booker remedial, that you should impose a guideline, impose a sentence pursuant to the guidelines, but instead reads in, you know, recognizing that the guidelines are advisory. I'm not – I cannot quite understand how it is that you get away from the statutory requirement that you can't have more than one criminal history point. The way that it would be, and again, according to what I suggest, the court goes ahead and under Cantrell and the law of the circuit, correctly computes the sentencing guideline. It computes the offense level. It computes the criminal history. But at that point, of course, the court is not finished. And the court can now say, again, in an advisory guideline system, the court can say, I don't think that two points are reasonable. Not in an arbitrary fashion. The court simply cannot say, well, you know, I think that I don't like one point because whatever. But the court, again, must engage in some kind of reasoned analysis after it computes the guidelines under Cantrell. Sotomayor, I understand that argument, but what that would, under your theory, a court could say, well, I know you have two criminal history points, but I think that really overstates the situation. So I wouldn't say you have one, I would just say it overstates the situation. Therefore, I will depart from the statutory minimum. Well, actually, no. What I would say is that it overstates the criminal or what I would do is that it overstates criminal history instead of being two. It really should be construed as being one. This individual really has one point if we get into an overrepresentation-type analysis. Okay. So really, it seems to me to come down to, if you're trying to look at this as a statutory construction issue in light of the Booker remedial statute. That's correct. I'm wondering what another way to look at it is that we never really get to your discretionary point if the person doesn't meet objective criteria, which is no more than one criminal history point. And the Court, of course, I mean, that's an argument that could be made, I anticipate it's an argument the government would make. But again, under the Booker remedial opinion, this is our advisory guidelines. And while, again, the court, the district court must run a first run of the guidelines and figure out what are the correct guidelines, still the court has afforded to go ahead and adjust that to, say, one point in this case. Right. But, see, I guess I'm having, maybe I'm just trying to sort this through. I'm having some trouble understanding why making the guidelines advisory, which the Court did as the, in its view, you know, the most palatable option in the face of the constitutional problem, how that changed the statutory. It seemed to me we would still have to interpret the statute according to normal statutory construction. And so do you have a means by which, where it says if the court finds it sentencing that the defendant does not have more than one criminal history point, you're saying that the finding of one criminal history point that the court has the because the guidelines are advisory, to turn two into one? That's what I'm saying. Okay. I just want to make sure I understand. Thank you. And my argument is that, of course, Congress is aware of Booker. Congress is aware that 3553F makes reference to Booker, or excuse me, to the guidelines. Congress could have stopped this train and stopped my argument by, in a definition section in 3553F, outlined precisely the criteria that it wanted without reference to the guidelines. So it's my opinion that Congress does not, or rather that the inaction of Congress supports my position. My confusion is I thought that the district court at ER 71 recognized that and explicitly stated, pursuant to Booker, the court may consider whether the defendant's criminal history points over-represents the seriousness of his criminal history. Now, if the court recognizes that, it appears to me that this court is exercising its discretion in not finding over-representation as far as criminal history. Yes, sir. But I think we're not going to say that it felt that by reading the statute that it did not have the discretion to go ahead and do what I'm suggesting the court should order this report. Had to stay within the statutory range. Yes, sir. Okay. All right. Okay. May it please the Court and the opposing counsel, my name is Ray Gatinell. I'm an assistant United States attorney for the District of Nevada, and I represent the government in this case. The district court in this case correctly determined that the defendant was ineligible for the safety valve because of those two criminal history points. And in the record, the district court went through an analysis, and it was aware at the time of the Barrero case. And I will point out for the Court that what began with the Prendi and culminated in Booker was a prohibition against judicial fact-finding which would result in a sentence that was greater than the maximum penalty. It was not a prohibition against judicial fact-finding which would preclude a sentence below the mandatory minimum. And that's very important because Booker did not affect the safety valve provision in U.S.C. 3553, particularly F-1. Now, as we know, and as this Court has repeatedly stated, district courts are required to still correctly calculate the guideline range prior to imposing sentence. And when we look at the guidelines, the guidelines specifically state, and I believe it's under Chapter 4A1.3b3b, that for purposes of the safety valve, the first prong in determining what the criminal history category is, that determination is to occur before any departures are taken into consideration. Therefore, according to the guidelines, it would be improper for a judge to make a calculation and find that the defendant has two or three criminal history points and then apply an over-representation analysis to get him down to a criminal history point one and then apply the safety valve. Ginsburg. If the individual actually had one criminal history point, as calculated by the guidelines, then under Booker, the court would not have to impose a guideline sentence, correct? If a defendant had one criminal history point and he did meet the other factors in the safety valve? Right. Yes. Then the judge could just impose what was a reasonable sentence? Then it would relieve the defendant of the mandatory minimum sentence. In this case, it would be anywhere from probation to life in prison would be the range, the statutory range of punishment. Because this particular offense implicates the mandatory minimum, the range of punishment is 10 years to life in prison. Now, interestingly, there are six other circuits that have addressed the issue that Booker has had on the safety valve. And those are the First, Second, Third, Eighth, Tenth, and Eleventh circuits. And in all of those opinions that came out from those various circuits, they have all held that Booker did not make the safety valve advisory and did have any effect on the safety valve whatsoever. In fact, the refusal to reduce a sentence, a statutory minimum sentence based on judicial fact-finding did not offend the Sixth Amendment. These other circuits held. This circuit, to my knowledge, has not spoken on that issue. Interestingly, three of these circuits, the Second, the Third, and the Eleventh circuit dealt directly with the issue that is before this Court. The Second Circuit in U.S. v. Barrero dealt with a very similar situation. In that case, the defendant had two criminal history points. And the defense had argued to the Court that since Booker made the guideline's advisory, the Court can then engage in this over-representation analysis, and the Court could then find he only had one criminal history point and then apply the safety valve. And in Barrero, the Second Circuit said, no, Booker had no effect on this specific provision, the 18 U.S.C. 3553-F1. Additionally, the Eleventh Circuit addressed that issue in U.S. v. Brehm, and there the defendant had four criminal history points. The defense made the exact same argument that, wait a second, Booker has now rendered the guideline's advisory, and therefore, the Court can engage in this over-representation analysis and somehow ignore three of his criminal history points and find that he only has one and then apply the safety valve. That was rejected there. And more recently, the case of the United States v. McCoy, which is a Third Circuit case, also rejected the same argument that is being asserted by the defense in this case. And although the defense does state that he's not arguing that Section 3553-F1 be excised, the practical effect of siding with the defense in this case would be to effectively render 3553-F1 meaningless, because then a sentencing judge would have the full discretion to fit anyone's criminal history category into or make it so that it would satisfy that prong. And once this Court determines or finds that Booker did not have any effect on the safety valve provision, then we're left with the 1995 case from this circuit, U.S. v. Valencia-Andrade. And in that case, the defendant had two criminal history points. However, the judge there, unlike here, made a finding that those two criminal history points over-represented, you know, the severity of his criminal history. But nevertheless, the Court refused to apply the safety valve. And there, this Court held explicitly that Section 3553 is not ambiguous and that it explicitly precludes departures from mandatory minimum sentences where the defendant has more than one criminal history point. Additionally, this Court acknowledged that this Court lacks the constitutional authority to adopt a new exception to the mandatory minimum sentence. So for those reasons, Your Honor, the government requests that this Court also follow the rationale and the logic of the other six circuits and find that Booker did not affect the safety valve provision and affirm the judgment of the lower court. I'm not asking that this Court strike 3553 F.S.P. in advisory, nor am I arguing that Booker impacts mandatory minimums. Nonetheless, again, my argument is purely based on the fact that that section makes mention of the sentencing guidelines. They are advisory. Following up a question that or an issue that was discussed earlier, and the government did concede, is that if there is safety valve, if the individual meets all the five different elements of safety valve, then at that point the sentence would be just a reasonable sentence. Now, the statute says very clearly that if there is a sentence pursuant to the guidelines under the mandatory under, excuse me, under the remedial Booker opinion, that would be, if we go ahead and read that literally as being a sentence under the guidelines, that would be a violation, obviously, of Booker, the remedial Booker opinion. It's the same principle I'm advocating in this case, is that the reference to the sentencing guidelines in Section 1 of 3553 F be read as what it's supposed to be right now, an advisory system. Thank you. Thank you for your argument, both counsel. The case just argued is submitted and will adjourn for the morning. Thank you.
judges: Tashima, McKeown, Carter